J-S10026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTWAN RHODES, | |
| Appellant | No. 1965 EDA 2015 |

Appeal from the Judgment of Sentence Entered May 27, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001714-2014

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:           **FILED FEBRUARY 12, 2016**

Appellant, Antwan Rhodes, appeals from the judgment of sentence of 432 days' incarceration, followed by two years' probation, imposed after his term of parole and probationary sentence were revoked based on his commission of a new crime shortly after he was released on parole. Appellant seeks to raise one issue implicating the discretionary aspects of his sentence. Additionally, his counsel, Richard J. Blasetti, Esq., has petitioned to withdraw from representing Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On May 28, 2014, Appellant entered a negotiated guilty plea to the crimes of terroristic threats and possessing an instrument of crime (PIC). He received a sentence of 6 to 23 months' incarceration for the terroristic threats conviction, followed by two years' probation for PIC. After serving a portion of his term of imprisonment, Appellant was released on parole. Approximately three months later, he violated his parole by committing a new offense.[1] *See* Appellant's Brief at 13. On May 27, 2015, the court conducted a revocation hearing, at which Appellant stipulated that he violated a condition of his parole. *See* N.T. Hearing, 5/27/15, at 3. Accordingly, the court revoked Appellant's term of parole and resentenced him to serve 432 days' incarceration, which was the remainder of his initial, maximum sentence for the terrorist threats offense. The court also revoked Appellant's probationary sentence, and resentenced him to the same consecutive term of two years' probation originally imposed.

Appellant filed a timely notice of appeal and the court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On July 28, 2015, Appellant's counsel, Attorney Blasetti, filed a Rule 1925(c)(4) statement of his intent to file an *Anders* brief and petition to withdraw. On October 8, 2015, Attorney Blasetti filed a petition to withdraw

---

[1] It appears from the record that Appellant was charged with another PIC offense in Montgomery County, and ultimately pled guilty in that case. *See* N.T. Hearing, 3/27/15, at 10, 12-13.

with this Court. He also subsequently filed an **Anders** brief, asserting that Appellant's sentencing issue is frivolous, and that he has no other non-frivolous issues he could present on appeal.

We have previously set forth the parameters of our review of a petition to withdraw and **Anders** brief, as follows:

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of

- 3 -

*Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Blasetti's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's sentencing claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Blasetti also states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief, and he attaches a letter directed to Appellant in which he informs him of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's sentencing issue is frivolous, and to ascertain if there are any other non-frivolous issues Appellant could pursue on appeal.

According to Attorney Blasetti, Appellant seeks to challenge the court's imposition of 432 days' incarceration (which Appellant refers to as 'back time'). Appellant contends that the court should have imposed "full back time *with immediate parole* along with mandates for substance abuse treatment, applications for employment and/or community supervision, and

- 4 -

intensive supervision." **Anders** Brief at 8 (emphasis added). In other words, Appellant contends that the court's imposition of incarceration, without immediate parole, was excessive. He also alleges that the court's failure to grant him immediate parole was unwarranted under the circumstances of this case. More specifically, at the revocation/resentencing hearing, Appellant stressed that this was his first violation of parole, the new offense he committed was relatively minor, and he was employed at the time he committed it. **See** N.T. Hearing at 9-10. Appellant also expressed his remorse for violating his parole, and stated that he was going to change his behavior. **Id.** at 11.

Initially, Appellant's claims implicate the discretionary aspects of his sentence, yet he failed to preserve these issues by raising them at the resentencing hearing or in a post-sentence motion. **See Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.") (citation omitted). Accordingly, on this basis alone, we agree with Attorney Blasetti that it would be frivolous for Appellant to raise these waived issues on appeal.

Nevertheless, we also note that Appellant's arguments are frivolous because he fails to recognize the distinction between the revocation of parole and the revocation of probation. "Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence."

- 5 -

***Commonwealth v. Kalichak***, 943 A.2d 285, 290 (Pa. Super. 2008) (citation omitted).

> Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.
>
> Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.
>
> Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.
>
> As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole.

***Id.*** at 290-91 (citations and footnote omitted).

Here, Appellant stipulated that he violated his parole by committing a new crime. Thus, the court had a legally sufficient basis to revoke his parole. After doing so, the court had one sentencing option – to recommit

Appellant to serve the already-imposed, original sentence. *See Kalichak,*

*supra*. The parties agreed that 432 days of incarceration remained to be

served on Appellant's original sentence. *See* N.T. Hearing at 8. The court

imposed that sentence of incarceration, along with a consecutive term of two

years' probation. Under our reasoning in *Kalichak*, Appellant cannot

challenge the length of incarceration imposed by the court. That case also

precludes Appellant's argument that the court erred by not granting him

immediate parole, as he bases that assertion on the court's failure to

consider mitigating factors in his case, such as his employment, remorse,

and the non-serious nature of his new crime. *See Kalichak*, 943 A.2d at

291 ("[I]t is inappropriate for a parole-revocation appellant to challenge the

sentence by arguing that the court failed to consider mitigating factors or

failed to place reasons for sentence on the record.").

In any event, even if it were permissible for Appellant to argue that

the court should have granted him immediate parole, the record

demonstrates that the court did not abuse its discretion in this regard.

Specifically, in rejecting Appellant's request to be immediately paroled, the

court stressed that Appellant was "only out [on parole for] 95 days" before

he committed another crime. N.T. Hearing at 12. The court also considered

a "*Gagnon II*[2] Hearing Report" outlining the details of Appellant's new PIC

---

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (holding that a revocation
court must determine (at what has subsequently been termed a "*Gagnon*
*(Footnote Continued Next Page)*

offense. Additionally, the court heard defense counsel's argument regarding the mitigating circumstances of Appellant's case, including that Appellant's new offense only involved his possession of a "pocketknife," rather than a more serious weapon. N.T. Hearing at 3, 13. However, in response, the Commonwealth emphasized that Appellant's original PIC offense was also for possessing a knife, and that Appellant committed his new PIC offense only three months after being paroled. *Id.* at 13. The court also provided Appellant with an opportunity to speak, and heard his statements of remorse and his plan to "be more productive and go out there and prove [himself]…." *Id.* at 11. After listening to all of this, the court declined to grant Appellant immediate parole, but tempered that decision by making Appellant "work release eligible for stationary work release, [and] good time eligible." *Id.* at 15.

In light of this record, we would ascertain no abuse of discretion in the court's decision to reject Appellant's request for immediate parole, even if he preserved such a claim, and it could be raised in this parole-revocation case. Thus, we agree with counsel that Appellant's sentencing challenge is frivolous. Additionally, our independent review of the record does not reveal any other claims of arguable merit that could be asserted on appeal.

_(Footnote Continued)_ ——————————

**II**" hearing) whether the parolee or probationer has committed a violation of one or more conditions of his parole or probation and, if so, whether he should be recommitted to prison).

Accordingly, we affirm Appellant's judgment of sentence and grant Attorney Blasetti's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2016